UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-105(DSD/JMM)

Robert Zick,

Plaintiff,

v.

**ORDER**

City of Maplewood, Minnesota, Don Winger, Mike Ryan, Dave Thomalla, and John Banick,

Defendants.

John P. Borger, Esq., Eric E. Jorstad, Esq. and Faegre & Benson, 2200 Norwest Center, 90 South Seventh Street, Minneapolis, MN 55402, counsel for plaintiff.

Pierre N. Regnier, Esq., Katherine E. Kennedy, Esq. and Jardine, Logan & O'Brien, 2100 Piper Jaffray Plaza, 444 Cedar Street, St. Paul, MN 55101, counsel for defendants.

This matter is before the court on plaintiff's motion for a temporary restraining order or preliminary injunction pursuant to Rule 65(a) of the Federal Rules of Civil Procedure. Plaintiff sues the City of Maplewood and four police officers, asserting claims under 42 U.S.C. § 1983, and the Privacy Protection Act of 1980, 42 U.S.C. § 2000aa et seq.

FEB 11 2000
FILED ______
FRANCIS E. DOSAL, CLERK
Judgment Ent'd. ______
Deputy Clerk's Initials ______

In evaluating whether to grant a motion for preliminary injunction, the court balances the four factors set forth by the Eighth Circuit in Dataphase Systems, Inc. v. CL Systems, Inc.: (1) the threat of irreparable harm to the movant in the absence of relief; (2) the balance between that harm and the harm that the relief would cause to the other litigants; (3) the likelihood of the movant's success on the merits; and (4) the public interest. 640 F.2d 109, 112-114 (8th Cir. 1981). The movant bears the burden of proof concerning each of these factors. See Gelco Corp. v. Coniston Partners, 811 F.2d 414, 418 (8th Cir. 1987).

**1. Likelihood of Success on the Merits**

Plaintiff's suit is based primarily on the allegation that defendants violated his First and Fourth Amendment rights by illegally seizing his videotape at the Maplewood Community Center on December 28, 1999. As a threshold matter, defendants argue that the city cannot be liable for constitutional violations under section 1983 on a theory of respondeat superior and that there is no evidence that the city's actions were the result of an official policy or custom. It is well established that a municipality cannot be sued under 42 U.S.C. § 1983 for an injury inflicted solely by its employees or agents. See Monell v. Department of Soc. Servs., 436 U.S. 658, 691 (1978). Rather, a municipality is

liable under section 1983 only if the evidence demonstrates that a municipal custom or policy caused the deprivation of the right protected by the constitution or federal law. Id. A plaintiff must also show an affirmative link between the municipality's policy or custom and the occurrence of the alleged constitutional violation. See Rizzo v. Goode, 423 U.S. 362, 371 (1976).

At this stage of the development of the case, plaintiff has not met his burden of presenting sufficient evidence to establish that the City of Maplewood has an unconstitutional policy or custom. Accordingly, plaintiff's motion for preliminary injunction is denied as to the city.

As for the claims against the individual police officers, defendants correctly note that plaintiff's amended complaint does not specify in what capacity the officers are being sued. A suit against public employees in their official capacities is merely a suit against the public employer. See Kentucky v. Graham, 473 U.S. 159, 165 (1985). In order to sue public officials in their individual capacities, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendants are sued only in their official capacities. See Artis v. Francis Howell North Band Booster Ass'n, 161 F.3d 1178, 1182 (8th Cir. 1998); Murphy v. Arkansas, 127 F.3d 750, 754 (8th Cir.

1997). Because section 1983 liability exposes public servants to civil liability and damages, only an express statement that they are being sued in their individual capacities will serve as proper notice to them. See Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989); Egerdahl v. Hibbing Comm. College, 72 F.3d 615, 619-20 (8th Cir. 1995).

Here, plaintiff's amended complaint names the City of Maplewood, and "Don Winger, Mike Ryan, Dave Thomalla, and John Banick" as defendants in this action. Winger, Ryan, Thomalla and Banick are all officers of the City of Maplewood Police Department. There is no express statement that they are being sued in their individual capacities. Plaintiff admitted at the hearing to this pleading deficiency and expressed an intent to amend his complaint to properly plead his section 1983 claim against these public officials. Until such time as those pleadings have been amended, there is no legal or factual basis on which the court may conclude that plaintiff is likely to succeed on the merits of his section 1983 claims against the individual officers.

**2. Irreparable Harm**

Plaintiff argues that every day that defendants retain the seized videotape constitutes a separate and irreparable injury to his First Amendment rights. See Elrod v. Burns, 427 U.S. 347, 373

(1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."). As discussed above, however, the court cannot conclude on the record and pleadings before it that plaintiff is likely to prevail on his First and Fourth Amendment claims. Because plaintiff has pointed to no other basis for a finding of irreparable harm, the court must deny plaintiff's motion for preliminary injunction. See Gelco, 811 F.2d at 420 ("Once a court determines that the movant has failed to show irreparable harm absent an injunction, the inquiry is finished and the denial of the injunctive request is warranted.").

**CONCLUSION**

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for a temporary restraining order or preliminary injunction is denied.

Dated: February 10, 2000

David S. Doty, Judge
United States District Court