UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ROBERT ZICK,

Plaintiff,

v.

CITY OF MAPLEWOOD, DON WINGER, MIKE RYAN, DAVE THOMALLA and JOHN BANICK,

Defendants.

CIVIL NO. 00-105 (DSD/JMM)

ORDER

The above matter came on for hearing before the undersigned on May 30, 2001 upon Plaintiff's Motion for Leave to File Third Amended Complaint Seeking Punitive Damages [Docket No. 53]. John Borger, Esq. appeared on behalf of Plaintiff; Pierre Regnier, Esq. appeared on behalf of Defendants.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to File Third Amended Complaint Seeking Punitive Damages [Docket No. 53] is denied.

Dated: June 20, 2001

JOHN M. MASON
United States Magistrate Judge

MEMORANDUM

The Motion for Leave to File Third Amended Complaint Seeking Punitive Damages [Docket No. 53] is denied as untimely. The Complaint was filed on January 18, 2000. Plaintiff filed an Amended Complaint on February 3, 2000. The initial Pretrial

FILED JUN 21 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ____________
DEPUTY CLERK ____________

Scheduling Order issued on March 8, 2000. That Order required that all amendments to pleadings be served and filed by May 1, 2000. Leave to file a Second Amended Complaint was granted on April 15, 2000. The parties sought and obtained an amendment to the Pretrial Scheduling Order, which issued on February 14, 2001. No change was sought concerning the May 1, 2000 deadline for amending pleadings, which was retained in the Amended Pretrial Scheduling Order.

The Motion to Amend now before the Court was not made until April 30, 2001, one year after the expiration of the deadline, and at a time when the case is virtually ready for trial. (Discovery ended on April 1, 2001. The time for non-dispositive Motions expired on April 5, 2001. Dispositive Motions were served in compliance with the June 1, 2001 deadlines.) No justification for the late filing of the Motion to Amend has been substantiated. Granting the Motion would result in the need for additional discovery.

This case highlights the interplay between Federal Rule of Civil Procedure 15(a), governing amendments of pleadings, and Federal Rule of Civil Procedure 16(b), which addresses pretrial scheduling orders. The Standards governing the amendment of pleadings are well settled. Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." See also Buder v. Merrill Lynch, Pierce Fenner & Smith, 644 F.2d 690, 694 (8th Cir. 1981). The applicable standard is summarized in Foman v. Davis, 371 U.S. 178, 182 (1962), which states:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits. In the absence of any apparent reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, ... undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc. -- the leave should, as the rules require, be "freely given."

The function of the rule "is to enable a party to plead matters . . . that were unknown to him at the time he interposed his original complaint or answer." Trustees of Graphic Communications Int'l Union Local 229 v. Rapid Copy, Inc., 620 F. Supp. 202, 207 (D. Minn. 1985). See also Gamma-10 Plastics, Inc. v. Amer. President Lines, Ltd., 32 F.3d 1244, 1255 (8th Cir. 1994). The application of these and related principles requires an exercise of judgment concerning the specific facts and procedural status in each particular case.

"Where, as here, the deadline for the amendment of pleadings has long since expired, the propriety of the Motion for leave to amend 'is most properly considered within the framework of Rule 16(b), Federal Rules of Civil Procedure.'" Luigino's, Inc. v. Pezrow Companies, Inc., 178 F.R.D. 523, 525 (D. Minn. 1998) (quoting Alholm v. American Steamship Co., 167 F.R.D. 75, 77 (D. Minn. 1996)). See also Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-608 (9th Cir. 1992) (holding that plaintiff's ability to amend complaint was governed by Rule 16(b), not Rule 15(a) since district court previously filed pretrial scheduling order); Deghand v. Wal-Mart Stores, Inc., 904 F. Supp. 1218, 1221 (D. Kan. 1995) (same); Marcum v. Zimmer, 163 F.R.D. 250, 253 (S.D. W. Va. 1995) ("[o]nce a Rule 16(b) scheduling order is entered . . . several courts have begun to examine the propriety of permitting amendments not under the liberal approach of Rule 15(a), but rather under the more exacting 'good cause' standard of Rule 16(b)'"); Rouse v. Farmers State Bank of Jewell, 866 F. Supp. 1191, 1199 (N.D. Iowa, 1994) (citing Johnson, 975 F.2d at 609); Financial Holding Corp. v. Garnac Grain Co., 127 F.R.D. 165, 165-66 (W.D. Mo. 1989); Fortsman v. Gulp, 114 F.R.D 83, 85 (M.D. N.C. 1987).

Federal Rule of Civil Procedure 16(b) provides in part that:

> a magistrate judge . . . shall, after receiving the report from the parties under Rule 26(f) or after consulting with the attorneys for the parties and any unrepresented parties by a scheduling conference, telephone, mail, or other suitable means, enter a scheduling order that limits the time
>
> (1) to join other parties and to amend the pleadings;
> (2) to file motions; and
> (3) to complete discovery.

Fed. R. Civ. P. 16(b). Rule 16(b) additionally states that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." Id. Local Rule 16.3 of the Local Rules of Practice for the District of Minnesota complements Rule 16(b), stating that "[o]nce the pretrial discovery schedule is adopted, it shall not be extended or modified except upon written motion and for good cause shown."

The "good cause" standard under Rule 16(b), summarized below, focuses upon diligence:

> "A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under ... Rule 15.' Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)' s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.' Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.... Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end."

Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D. Va. 1995) (quoting Johnson,

975 F.2d at 609) (citations and quoted authorities omitted)). See also Rouse v. Farmers State Bank of Jewell, 866 F. Supp. 1191, 1198-99 (N.D. Iowa 1994).

Counsel for Plaintiff recalls a conversation at the initial Pretrial scheduling conference, in which the Court stated its view concerning the importance of having pleadings take final form early in the litigation, (see In re Buffets, Inc. Securities Litigation, 906 F. Supp. 1293 (D. Minn. 1995), but recognized that sometimes the assertion of a claim for punitive damages had to be deferred for a period of time. While the Court has no specific recollection of that conversation, it is true that a party seeking to plead a claim of punitive damages under Minnesota law may not do so at the time of filing the Complaint, but must first make a showing adequate to support a finding by the Court that making the claim is warranted by the evidence. See Minn. Stat. §§ 549.191 and 549.20. Under those circumstances, some discovery is needed before a party will be able to meet the statutory requirements, justifying a delay in asserting the motion. Here, however, even if the Court had led counsel to expect that when the Pretrial Scheduling Order was issued, it would grant additional time to make a motion seeking punitive damages, it became clear when the Order in fact issued on March 6, 2000 (and the amended Order issued on February 14, 2001), that the time for making a Motion to Amend would expire (expired) on May 1, 2000. Moreover, Plaintiff in this case does not seek to proceed under the provisions of the Minnesota Statute.

Permitting a Motion to Amend at this time would require a change in the provisions of the Scheduling Orders in this case. Plaintiff has not brought a written Motion seeking such a change, nor has Plaintiff shown good cause warranting that relief, thus

failing both of the requirements of Local Rule 16.3.[1]

Finally, at oral argument, counsel for Plaintiff called to the attention of the Court its decision in Stokes v. CBS, Inc, (D. Minn.) Civil 4-96-178, in which the Court allowed amendment of the Complaint to plead punitive damages at a time near to trial. That case provides no analogous precedent for consideration in this case. The Plaintiff in Stokes did seek to proceed under the Minnesota statute providing for punitive damages, and provided the factual justification for not making the Motion at an earlier time. Indeed, no objection was made by Defendants in that case as to the timeliness of the Motion, nor did the Court make any ruling concerning timeliness.

Finally, a review of the proposed Third Amended Complaint shows that it seeks to amend some paragraphs as to matters unrelated to the desire to seek punitive damages.[2] No argument was presented in the written pleadings or the Notice of Motion in support of these amendments, and we do not conclude that amendment should be allowed for these changes.

J.M.M.

1

Local Rule 16.3(c) provides: "Except in extraordinary circumstances, the motion for extension shall be served and the hearing, if any, shall be scheduled prior to the expiration of the original pre-trial schedule deadlines." It is also true that no showing of any "extraordinary circumstances" has been made.

2

Plaintiff proposes to amend paragraphs 28, 32, 40b, 43a and 43c.